UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| LISA REHKOPF AND ERIC SLATER,<br><br>Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, ALTISOURCE SOLUTIONS, INC. AND WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4,<br><br>Defendants. | Case No.: 1:15-cv-00615 |

### DEFENDANT WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET BACKED CERTIFICATES, SERIES 2007-4'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW**, Defendant Wells Fargo Bank N.A. as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4 ("Wells Fargo as Trustee" or "Defendant"), by and through its undersigned counsel, and, responds as follows to the Complaint in this action:

### SUMMARY

1.   The allegations of Paragraph 1 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

2.   The allegations of Paragraph 2 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

3.   The allegations of Paragraph 3 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

## PARTIES

4. Upon information and belief, Defendant admits the allegations of Paragraph 4.

5. Upon information and belief, Defendant admits the allegations of Paragraph 5.

6. The allegations of Paragraph 6 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

7. The allegations of Paragraph 7 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

8. Defendant admits the allegations of Paragraph 8.

9. Responding to Paragraph 9, Defendant admits that Ms. Rehkopf was the owner of the house located at 351 Sarah Cove Road, Otto, North Carolina which was foreclosed on and sold; Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

## JURISDICTION AND VENUE

10. Defendant denies the allegations of Paragraph 10 as this action has been removed to the United States District Court for the Middle District of North Carolina.

11. Defendant denies the allegations of Paragraph 11 as this action has been removed to the United States District Court for the Middle District of North Carolina.

## FACTS

12. Responding to Paragraph 12, Defendant admits Ms. Rehkopf purchased the property located at 351 Sarah Cove Road, Otto, North Carolina and that in 2007 Ms. Rehkopf obtained a note secured by a Deed of Trust against the Home. Defendant avers that the lender was H&R Block Mortgage Corporation, and the note was subsequently assigned to Option One Mortgage Corporation.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14 and therefore denies the same.

15. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 and therefore denies the same.

16. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 16 and therefore denies the same.

17. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 and therefore denies the same.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 and therefore denies the same.

19. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 and therefore denies the same.

20. Responding to Paragraph 20, Defendant admits that Plaintiffs fell behind on their mortgage; Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

21. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 21 and therefore denies the same.

22. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 and therefore denies the same.

23. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 and therefore denies the same.

24. The allegations of Paragraph 24 are not directed at Defendant and no response is

required; to the extent a response is required, Defendant denies the allegations.

25. The allegations of Paragraph 25 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

26. Responding to Paragraph 26, Defendant admits that foreclosure proceedings were brought (Macon County Special Proceeding No. 14-SP-136) with Poore Substitute Trustee, LTD as the substitute trustee appointed on or about July 28, 2014 and The Hunoval Law Firm, PLLC serving as counsel to the substitute trustee; Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

27. Defendant admits the allegations of Paragraph 27.

28. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 28 and therefore denies the same.

29. Defendant admits the allegations of Paragraph 29.

30. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30 and therefore denies the same.

31. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 31 and therefore denies the same.

32. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 32 and therefore denies the same.

33. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 33 and therefore denies the same.

34. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 34 and therefore denies the same.

35. Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 35 and therefore denies the same.

36. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 36 and therefore denies the same.

37. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 37 and therefore denies the same.

38. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 38 and therefore denies the same.

39. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 39 and therefore denies the same.

40. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 40 and therefore denies the same.

41. The allegations of Paragraph 41 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

42. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 42 and therefore denies the same.

43. Defendant admits the allegations of Paragraph 43.

44. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 44 and therefore denies the same.

45. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 45 and therefore denies the same.

46. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 46 and therefore denies the same.

47. Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 47 and therefore denies the same.

48. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 48 and therefore denies the same.

49. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 49 and therefore denies the same.

50. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 50 and therefore denies the same.

51. The allegations of Paragraph 51 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

## FIRST CLAIM FOR RELIEF
(Conversion against All Defendants)

52. Defendant incorporates all preceding paragraphs by reference.

53. The allegations of Paragraph 53 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

54. Defendant admits the allegations of Paragraph 54.

55. The allegations of Paragraph 55 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

56. The allegations of Paragraph 56 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 58 and therefore denies the same.

59. The allegations of Paragraph 59 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

60. Defendant denies the allegations of Paragraph 60.

## SECOND CLAIM FOR RELIEF
(Negligence against All Defendants)

61. Defendant incorporates all preceding paragraphs by reference.

62. The allegations of Paragraph 62 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

63. The allegations of Paragraph 63 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

64. The allegations of Paragraph 64 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

65. The allegations of Paragraph 65 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

66. Defendant denies the allegations of Paragraph 66.

## THIRD CLAIM FOR RELIEF
(Negligent Misrepresentation against All Defendants)

67. Defendant incorporates all preceding paragraphs by reference.

68. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 68 and therefore denies the same.

69. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 69 and therefore denies the same.

70. Defendant denies the allegations of Paragraph 70.

71. Defendant denies the allegations of Paragraph 71.

72. Defendant denies the allegations of Paragraph 72.

73. The allegations of Paragraph 73 constitute a legal conclusion to which a response

is not required. To the extent a response is required, Defendant denies the allegations.

74. Defendant denies the allegations of Paragraph 74.

75. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 75 and therefore denies the same.

76. Defendant denies the allegations of Paragraph 76.

77. Defendant denies the allegations of Paragraph 77.

### **FOURTH CLAIM FOR RELIEF**
(Unfair and Deceptive Trade Practices against All Defendants)

78. Defendant incorporates all preceding paragraphs by reference.

79. The allegations of Paragraph 79, including all subparts, constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

80. The allegations of Paragraph 80 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

81. Defendant denies the allegations of Paragraph 81.

82. Defendant denies the allegations of Paragraph 82.

83. In response to Plaintiffs' Wherefore clause, Defendant denies that Plaintiffs are entitled to the relief requested.

Defendant denies any and all allegations of the Complaint that are not specifically admitted herein.

### **AFFIRMATIVE AND OTHER DEFENSES**

1. One or more of Plaintiffs' claims fail to state a claim upon which relief may be granted.

2. Plaintiffs' damages, if any, were not caused by Defendant, but by another person or entity for whom or for which Defendant is not responsible.

3. To the extent Plaintiffs' complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual Automobile* Insurance Co. v. Campbell, 538 U.S. 408 (2003).

4. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law and excessive fines in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the North Carolina Constitution.

5. The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the North Carolina Constitution.

6. Plaintiffs' claims may be barred by the doctrines of laches and/or estoppel.

7. Plaintiffs failed to mitigate their damages, if any.

8. Plaintiffs abandoned the subject property and relinquished all rights thereto in accordance with applicable law and the deed of trust.

9. The Defendant hereby reserves the right to assert additional affirmative defenses as discovery warrants and to the extent permitted by law.

WHEREFORE, Defendant Wells Fargo Bank N.A. as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4 prays that:

1. The Complaint be dismissed with prejudice and the Plaintiffs have and recover nothing of Defendant;

2. The costs of this action be taxed against the Plaintiffs;

3. To the extent permitted by law, Defendant recover all fees and costs incurred in defense of this action;

4. Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: August 20, 2015

/s/ Mark S, Wierman
Mark S. Wierman, Esq. [NC Bar No. 37134]
Michael C. Griffin, Esq. [NC Bar No. 31947]
100 N. Tryon St., Suite 2690
Charlotte, NC  28202
(704) 338-6023 – Telephone
(704) 338-6080 – Facsimile
mwierman@babc.com
mgriffin@babc.com

*ATTORNEYS FOR DEFENDANTS OCWEN LOAN SERVICING, LLC, ALTISOURCE SOLUTIONS, INC. AND WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2015, I electronically filed the foregoing **DEFENDANT WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET BACKED CERTIFICATES, SERIES 2007-4'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

LAW OFFICE OF JAMES C. WHITE P.C.
jimwhite@jcwhitelaw.com
*Attorneys for Plaintiffs Lisa Rehkopf and Eric Slater*

/s/ Mark S. Wierman
Mark S. Wierman

11

Case 1:15-cv-00615-JLW   Document 14   Filed 08/20/15   Page 11 of 11