UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| LISA REHKOPF AND ERIC SLATER,<br><br>Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, ALTISOURCE SOLUTIONS, INC. AND WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4,<br><br>Defendants. | Case No.: 1:15-cv-00615 |

### DEFENDANT ALTISOURCE SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

**COMES NOW**, Defendant Altisource Solutions, Inc. ("Altisource" or "Defendant"), by and through its undersigned counsel, and, responds as follows to the Amended Complaint in this action:

### SUMMARY

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. The allegations of Paragraph 3 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

### PARTIES

4. Upon information and belief, Defendant admits the allegations of Paragraph 4.

5. Upon information and belief, Defendant admits the allegations of Paragraph 5.

6. The allegations of Paragraph 6 are not directed at Defendant and no response is

required; to the extent a response is required, Defendant denies the allegations.

7. Defendant admits the allegations of Paragraph 7.

8. The allegations of Paragraph 8 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

9. The allegations of Paragraph 8 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

10. Responding to Paragraph 10, Defendant admits that Ms. Rehkopf was the owner of the house located at 351 Sarah Cove Road, Otto, North Carolina, which was foreclosed on and sold; Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

## JURISDICTION AND VENUE

11. Defendant admits that jurisdiction before this Court is proper.

12. Defendant admits that venue in this judicial district is proper.

## FACTS

13. Responding to Paragraph 13, Defendant admits Ms. Rehkopf purchased the property located at 351 Sarah Cove Road, Otto, North Carolina and that in 2007 Ms. Rehkopf obtained a note secured by a Deed of Trust against the Home. Defendant avers that the lender was H&R Block Mortgage Corporation, and the note was subsequently assigned to Option One Mortgage Corporation.

14. Defendant admits the allegations of Paragraph 14.

15. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 and therefore denies the same.

16. Defendant is without sufficient information to admit or deny the allegations

2

contained in Paragraph 16 and therefore denies the same.

16. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 and therefore denies the same.

17. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 and therefore denies the same.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 and therefore denies the same.

19. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 and therefore denies the same.

20. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 and therefore denies the same.

21. Responding to Paragraph 21, Defendant admits that Plaintiffs fell behind on their mortgage; Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

22. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 and therefore denies the same.

23. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 and therefore denies the same.

24. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 and therefore denies the same.

25. The allegations of Paragraph 25 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

26. The allegations of Paragraph 26 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

27. Responding to Paragraph 27, Defendant admits that foreclosure proceedings were

brought (Macon County Special Proceeding No. 14-SP-136) with Poore Substitute Trustee, LTD as the substitute trustee appointed on or about July 28, 2014 and The Hunoval Law Firm, PLLC serving as counsel to the substitute trustee; Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

28. The allegations of Paragraph 28 are not directed at Defendant and no response is required; to the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 27 and therefore denies the same.

29. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 29 and therefore denies the same.

30. Defendant admits the allegations of Paragraph 30.

31. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 31 and therefore denies the same.

32. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 32 and therefore denies the same.

33. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 33 and therefore denies the same.

34. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 34 and therefore denies the same.

35. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 35 and therefore denies the same.

36. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 36 and therefore denies the same.

37. Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 37 and therefore denies the same.

38. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 38 and therefore denies the same.

39. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 39 and therefore denies the same.

40. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 40 and therefore denies the same.

41. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 41 and therefore denies the same.

42. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 42 and therefore denies the same.

43. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 43 and therefore denies the same.

44. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 44 and therefore denies the same.

45. The allegations of Paragraph 45 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

46. The allegations of Paragraph 46 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

47. Defendant admits the allegations of Paragraph 47.

48. The allegations of Paragraph 48 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

49. Responding to the allegations contained in Paragraph 49, Defendant admits that a

work crew was sent to the Home on or about December 21, 2014 and that the report, the contents of which speak for themselves, attached as Exhibit 2 to the Complaint is a report generated by or on behalf of Defendant.

50. Responding to the allegations contained in Paragraph 50, Defendant admits that a work crew was sent to the Home on or about December 21, 2014 and that the report, the contents of which speak for themselves, attached as Exhibit 3 to the Complaint is a report generated by or on behalf of Defendant.

51. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 51 and therefore denies the same.

52. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 52 and therefore denies the same.

53. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 53 and therefore denies the same.

54. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 54 and therefore denies the same.

55. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 55 and therefore denies the same.

56. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 56 and therefore denies the same.

57. Defendant denies the allegations of Paragraph 57.

**FIRST CLAIM FOR RELIEF**
(Conversion against All Defendants)

58. Defendant incorporates all preceding paragraphs by reference.

59. The allegations of Paragraph 59 constitute a legal conclusion to which a response

is not required. To the extent a response is required, Defendant denies the allegations.

60. Defendant admits the allegations of Paragraph 60.

61. The allegations of Paragraph 61 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

62. The allegations of Paragraph 62 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

63. Defendant denies the allegations of Paragraph 63.

64. Defendant denies the allegations of Paragraph 64.

65. The allegations of Paragraph 65 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

66. Defendant denies the allegations of Paragraph 66.

**SECOND CLAIM FOR RELIEF**
(Negligence against All Defendants)

67. Defendant incorporates all preceding paragraphs by reference.

68. The allegations of Paragraph 68 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

69. The allegations of Paragraph 69 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

70. The allegations of Paragraph 70 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations of Paragraph 64.

71. The allegations of Paragraph 71 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

72. Defendant denies the allegations of Paragraph 72.

## THIRD CLAIM FOR RELIEF
(Negligent Misrepresentation against All Defendants)

73. Defendant incorporates all preceding paragraphs by reference.

74. Responding to the allegations of Paragraph 74, Defendant admits that it communicated with one or both of the Plaintiffs after the Foreclosure Sale; Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 74 and therefore the remaining allegations are denied.

75. Defendant admits the allegations of Paragraph 75.

76. Defendant denies the allegations of Paragraph 76.

77. Defendant denies the allegations of Paragraph 77.

78. Defendant denies the allegations of Paragraph 78.

79. The allegations of Paragraph 79 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

80. Defendant denies the allegations of Paragraph 80.

81. Defendant denies the allegations of Paragraph 81.

82. Defendant denies the allegations of Paragraph 82.

83. Defendant denies the allegations of Paragraph 83.

## FOURTH CLAIM FOR RELIEF
(Unfair and Deceptive Trade Practices against All Defendants)

84. Defendant incorporates all preceding paragraphs by reference.

85. The allegations of Paragraph 85, including all subparts, constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

86. The allegations of Paragraph 86 constitute a legal conclusion to which a response

is not required.  To the extent a response is required, Defendant denies the allegations.

87. Defendant denies the allegations of Paragraph 87.

88. Defendant denies the allegations of Paragraph 88.

89. In response to Plaintiffs' Wherefore clause, Defendant denies that Plaintiffs are entitled to the relief requested.

Defendant denies any and all allegations of the Complaint that are not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. One or more of Plaintiffs' claims fail to state a claim upon which relief may be granted.

2. Plaintiffs' damages, if any, were not caused by Defendant, but by another person or entity for whom or for which Defendant is not responsible.

3. To the extent Plaintiffs' complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual Automobile* Insurance Co. v. Campbell, 538 U.S. 408 (2003).

4. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law and excessive fines in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the North Carolina Constitution.

5. The criteria used for determining whether and in what amount punitive

damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the North Carolina Constitution.

6. Plaintiffs' claims may be barred by the doctrines of laches and/or estoppel.

7. Plaintiffs failed to mitigate their damages, if any.

8. Plaintiffs abandoned the subject property and relinquished all rights thereto in accordance with applicable law and the deed of trust.

9. The Defendant hereby reserves the right to assert additional affirmative defenses as discovery warrants and to the extent permitted by law.

WHEREFORE, Defendant Altisource Solutions, Inc. prays that:

1. The Complaint be dismissed with prejudice and the Plaintiffs have and recover nothing of Defendant;

2. The costs of this action be taxed against the Plaintiffs;

3. To the extent permitted by law, Defendant recover all fees and costs incurred in defense of this action;

4. Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: December 9th 2015.

/s/ Mark S, Wierman
Mark S. Wierman, Esq. [NC Bar No. 37134]
Michael C. Griffin, Esq. [NC Bar No. 31947]
100 N. Tryon St., Suite 2690
Charlotte, NC 28202
(704) 338-6023 – Telephone
(704) 338-6080 – Facsimile
mwierman@babc.com
mgriffin@babc.com

*ATTORNEYS FOR DEFENDANTS OCWEN LOAN SERVICING, LLC, ALTISOURCE SOLUTIONS, INC. AND WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4*

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2015, I electronically filed the foregoing **DEFENDANT ALTISOURCE SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

PARRY TYNDALL WHITE
jwhite@ptwfirm.com
*Attorneys for Plaintiffs Lisa Rehkopf and Eric Slater*

/s/ Mark S. Wierman
Mark S. Wierman