## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | |
|---|---|
| **LISA REHKOPF, ERIC SLATER, and LANCE REHKOPF,**<br><br>                  **Plaintiffs,**<br>**vs.**<br><br>**OCWEN LOAN SERVICING, LLC, ALTISOURCE SOLUTIONS, INC. AND WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4, and FIELD CONNECTIONS, LLC,**<br><br>                  **Defendants.** | **Case No.: 1:15-cv-00615** |

## DEFENDANT OCWEN LOAN SERVICING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

**COMES NOW**, Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), by and through its undersigned counsel, and, responds as follows to the Second Amended Complaint in this action:

### SUMMARY

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. The allegations of Paragraph 3 constitute a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies the allegations.

## PARTIES

4.    Upon information and belief, Defendant admits the allegations of Paragraph 4.

5.    Upon information and belief, Defendant admits the allegations of Paragraph 5.

6.    Upon information and belief, Defendant admits the allegations of Paragraph 6.

7.    The allegations of Paragraph 7 are admitted.

8.    The allegations of Paragraph 8 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

9.    The allegations of Paragraph 9 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

10.    The allegations of Paragraph 10 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

11.    Responding to Paragraph 11, Defendant admits that Ms. Rehkopf was the owner of the house located at 351 Sarah Cove Road, Otto, North Carolina which was foreclosed on and sold; Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

## JURISDICTION AND VENUE

12.     Defendant Ocwen admits that jurisdiction in this Court is proper.

13.     Defendant Ocwen admits that venue in this judicial district is proper.

## FACTS

14.     Defendant admits the allegations of Paragraph 14.

15.     Defendant admits the allegations of Paragraph 15.

16.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 16 and therefore denies the same.

17.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 and therefore denies the same.

18.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 and therefore denies the same.

19.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 and therefore denies the same.

20.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 and therefore denies the same.

21.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 21 and therefore denies the same.

22.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 and therefore denies the same.

23.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 and therefore denies the same.

3

24.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 and therefore denies the same.

25.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 25 and therefore denies the same.

26.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 26 and therefore denies the same.

27.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 27 and therefore denies the same.

28.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 28 and therefore denies the same.

29.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 29 and therefore denies the same.

30.     Responding to Paragraph 30, Defendant admits that Plaintiffs fell behind on their mortgage; Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

31.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 31 and therefore denies the same.

32.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 32 and therefore denies the same.

33.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 33 and therefore denies the same.

34.     The allegations of Paragraph 34 are denied.

35.     The allegations of Paragraph 35 are denied.

36.     Responding to Paragraph 36, Defendant admits that foreclosure proceedings were brought (Macon County Special Proceeding No. 14-SP-136) with Poore Substitute Trustee, LTD as the substitute trustee appointed on or about July 28, 2014 and The Hunoval Law Firm, PLLC serving as counsel to the substitute trustee; Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

37.     Defendant admits the allegations of Paragraph 37.

38.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 38 and therefore denies the same.

39.     Defendant admits the allegations of Paragraph 39.

40.     Defendant admits the allegations of Paragraph 40.

41.     Defendant admits the allegations of Paragraph 41.

42.     Defendant denies the allegations of Paragraph 42.

43.     Defendant admits the allegations of Paragraph 43.

44.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 44 and therefore denies the same.

45.     Defendant denies the allegations of Paragraph 45.

46.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 46 and therefore denies the same.

47.     The allegations of Paragraph 47 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the

allegations.

48.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 48 and therefore denies the same.

49.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 49 and therefore denies the same.

50.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 50 and therefore denies the same.

51.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 51 and therefore denies the same.

52.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 52 and therefore denies the same.

53.     Defendant denies the allegations of Paragraph 53.

54.     The allegations of Paragraph 54 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

55.     The allegations of Paragraph 55 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

56.     Defendant admits the allegations of Paragraph 56.

57.     The allegations of Paragraph 57 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

58.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 58 and therefore denies the same.

59.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 59 and therefore denies the same.

60.     The allegations of Paragraph 60 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

61.     The allegations of Paragraph 61 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

62.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 62 and therefore denies the same.

63.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 63 and therefore denies the same.

64.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 64 and therefore denies the same.

65.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 65 and therefore denies the same.

66.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 66 and therefore denies the same.

67.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 67 and therefore denies the same.

7

68.     Defendant denies the allegations of Paragraph 68.

69.     The allegations of Paragraph 69 are not directed at Defendant and no response is required; to the extent a response is required, Defendant denies the allegations.

## FIRST CLAIM FOR RELIEF
### (Conversion against All Defendants)

70.     Defendant incorporates all preceding paragraphs by reference.

71.     The allegations of Paragraph 71 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

72.     Defendant admits the allegations of Paragraph 72.

73.     The allegations of Paragraph 73 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

74.     The allegations of Paragraph 74 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

75.     Defendant denies the allegations of Paragraph 75.

76.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 76 and therefore denies the same.

77.     The allegations of Paragraph 77 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the

allegations.

78.     Defendant denies the allegations of Paragraph 78.

## SECOND CLAIM FOR RELIEF
(Negligence against All Defendants)

79.     Defendant incorporates all preceding paragraphs by reference.

80.     The allegations of Paragraph 80 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

81.     The allegations of Paragraph 81 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

82.     The allegations of Paragraph 82 are denied.

83.     The allegations of Paragraph 83 are denied.

84.     The allegations of Paragraph 84 are denied.

## THIRD CLAIM FOR RELIEF
(Negligent Misrepresentation against All Defendants)

85.     Defendant incorporates all preceding paragraphs by reference.

86.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 86 and therefore denies the same.

87.     Defendant admits the allegations of Paragraph 87.

88.     Defendant denies the allegations of Paragraph 88.

89.     Defendant denies the allegations of Paragraph 89.

90.     The allegations of Paragraph 90 are not directed at Defendant and no

9

response is required; to the extent a response is required, Defendant denies the allegations.

91.     Defendant denies the allegations of Paragraph 91.

92.     Defendant denies the allegations of Paragraph 92.

93.     Defendant denies the allegations of Paragraph 93.

94.     Defendant denies the allegations of Paragraph 94.

95.     Defendant denies the allegations of Paragraph 95.

96.     Defendant denies the allegations of Paragraph 96.

97.     Defendant denies the allegations of Paragraph 97.

## FOURTH CLAIM FOR RELIEF
(Unfair and Deceptive Trade Practices against All Defendants)

98.     Defendant incorporates all preceding paragraphs by reference.

99.     The allegations of Paragraph 99, including all subparts, constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

100.    The allegations of Paragraph 100 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Defendant denies the allegations.

101.    Defendant denies the allegations of Paragraph 101.

102.    Defendant denies the allegations of Paragraph 102.

103.    In response to Plaintiffs' Wherefore clause, Defendant denies that Plaintiffs are entitled to the relief requested.

10

Defendant denies any and all allegations of the Complaint that are not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.      One or more of Plaintiffs' claims fail to state a claim upon which relief may be granted.

2.      Plaintiffs' damages, if any, were not caused by Defendant, but by another person or entity for whom or for which Defendant is not responsible.

3.      To the extent Plaintiffs' complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual Automobile* Insurance Co. v. Campbell, 538 U.S. 408 (2003).

4.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law and excessive fines in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the North Carolina Constitution.

5.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise,  and inconsistent and,  therefore,  violate the due process  provisions  of the Fifth  and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the North Carolina Constitution.

11

6.      Plaintiffs failed to mitigate their damages, if any.

7.      Plaintiffs abandoned the subject property and relinquished all rights thereto in accordance with applicable law and the deed of trust.

8.      The Defendant hereby reserves the right to assert additional affirmative defenses as discovery warrants and to the extent permitted by law.

WHEREFORE, Defendant Ocwen Loan Servicing, LLC prays that:

1.      The Complaint be dismissed with prejudice and the Plaintiffs have and recover nothing of Defendant;

2.      The costs of this action be taxed against the Plaintiffs;

3.      To the extent permitted by law, Defendant recover all fees and costs incurred in defense of this action;

4.      Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: October 5, 2016

/s/ Mark S. Wierman
Mark S. Wierman, Esq. [NC Bar No. 37134]
Michael C. Griffin, Esq. [NC Bar No. 31947]
100 N. Tryon St., Suite 2690
Charlotte, NC  28202
(704) 338-6023 – Telephone
(704) 338-6080 – Facsimile
mwierman@babc.com
        mgriffin@babc.com

*Attorneys for Defendants Ocwen Loan Servicing, LLC, Altisource Solutions, Inc., and Wells Fargo Bank N.A., as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2016, I electronically filed the foregoing **OCWEN LOAN SERVICING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James White
PARRY | TYNDALL | WHITE
100 Europa Drive, Suite 401
Chapel Hill, NC 27517

*Attorneys for Plaintiffs Lisa Rehkopf, Eric Slater, and Lance Rehkopf*

Stephanie Gaston Poley
Joseph S. Johnston
Cranfill Sumner & Hartzog LLP
PO Box 27808
Raleigh, NC 27808
spoley@cshlaw.com
jjohnston@cshlaw.com

*Attorneys for Plaintiffs Lisa Rehkopf and Eric Slater*

/s/ Mark S. Wierman
Mark S. Wierman

13