UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No. 1:15-cv-00615

LISA REHKOPF, ERIC SLATER, and )
LANCE REHKOPF, )
                               )
                Plaintiffs, )
                               )
        v. )
                               )
OCWEN LOAN SERVICING, LLC, )
ALTISOURCE SOLUTIONS, INC. )     **ANSWER TO SECOND AMENDED**
AND WELLS FARGO BANK N.A. )                **COMPLAINT**
AS TRUSTEE FOR OPTION ONE )
MORTGAGE LOAN TRUST 2007-4, )
ASSET-BACKED CERTIFICATES, )
SERIES 2007-4, FIELD )
CONNECTIONS, LLC, )
                               )
                  Defendants. )

**FIRST DEFENSE**

        Defendant Field Connections, LLC objects to the Second Amended Complaint to

the extent Plaintiffs have alleged new facts in support of their claims without first

obtaining the written consent of Field Connections or the Court's leave before doing so.

*See* Fed. R. Civ. P. 15(a)(2).  On September 20, 2016, Plaintiffs made an oral motion for

leave to file a Second Amended Complaint for the sole purpose of adding Lance Rehkopf

as a plaintiff.  Plaintiffs' counsel made this oral motion in response to arguments made by

Defendants on motion for partial summary judgment concerning Lance Rehkopf's

ownership of certain property for which Plaintiffs Lisa Rehkopf and Eric Slater were

1936963 v1

claiming as damages.[1] The Court granted Plaintiffs leave to file the Second Amended Complaint for the sole purpose of adding Lance Rehkopf as a plaintiff. On September 21, 2016, Plaintiffs filed their Second Amended Complaint adding new allegations at paragraphs 21, 47, 60, 61, 69, 82, 89, 90, 93, 99(b), 99(c), and 99(g), that were not previously alleged in the First Amended Complaint and that do not pertain to Lance Rehkopf's alleged ownership of property. Plaintiffs' Second Amended Complaint therefore violates Rule 15 and Field Connections reserves its right to move to strike paragraphs 21, 47, 60, 61, 69, 82, 89, 90, 93, 99(b), 99(c), and 99(g) from the Second Amended Complaint.

## SECOND DEFENSE

Defendant Field Connections, LLC ("Field Connections"), by and through its undersigned counsel of record, responds to the specifically numbered paragraphs of plaintiffs' Second Amended Complaint as follows:

1.     The allegations contained in paragraph 1 are denied.

2.     The allegations contained in paragraph 2 are denied. To the extent the allegations contained in paragraph 2 are directed to other parties, Field Connections denies the allegations for lack of information and knowledge.

3.     The allegations contained in paragraph 3 are denied.

4.     The allegations contained in paragraph 4 are admitted on information and belief.

5.     The allegations contained in paragraph 5 are admitted on information and

---

[1] *See* **DE 56** (Field Connections' Memorandum in Support of Motion for Partial Summary Judgment), at pp.17-18.

1936963 v1

belief.

6.      The allegations contained in paragraph 6 are admitted on information and belief.

7.      The allegations contained in paragraph 7 are admitted on information and belief.

8.      The allegations contained in paragraph 8 are admitted on information and belief.

9.      The allegations contained in paragraph 9 are admitted on information and belief.

10.      The allegations contained in paragraph 10 are admitted.

11.      With regard to the allegations contained in paragraph 11, Field Connections admits that Ms. Rehkopf was the owner of the real property located at 351 Sarah Cove Road, Otto, North Carolina (the "Home"), which was foreclosed on and sold. Except as specifically admitted herein, the remaining allegations contained in paragraph 11 are denied for lack of information and knowledge.

12.      The allegations contained in paragraph 12 constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations contained in paragraph 12 are admitted upon information and belief.

13.      The allegations contained in paragraph 13 constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations contained in paragraph 13 are denied for lack of information and knowledge.

14.      The allegations contained in paragraph 14 are admitted on information and

3

belief.

15.     With regard to the allegations contained in paragraph 15, it is admitted on information and belief that at some point Ocwen Loan Servicing, LLC ("Ocwen") became the servicer of the loan for the Home.

16.     The allegations contained in paragraph 16 are denied for lack of information and knowledge.

17.     The allegations contained in paragraph 17 are denied for lack of information and knowledge.

18.     The allegations contained in paragraph 18 are denied for lack of information and knowledge.

19.     The allegations contained in paragraph 19 are denied for lack of information and knowledge.

20.     The allegations contained in paragraph 20 are denied for lack of information and knowledge.

21.     The allegations contained in paragraph 21 are denied for lack of information and knowledge.

22.     The allegations contained in paragraph 22 are denied for lack of information and knowledge.

23.     The allegations contained in paragraph 23 are admitted upon information and belief.

24.     The allegations contained in paragraph 24 are denied for lack of information and knowledge.

1936963 v1

25.     The allegations contained in paragraph 25 are denied for lack of information and knowledge.

26.     The allegations contained in paragraph 26 are denied for lack of information and knowledge.

27.     The allegations contained in paragraph 27 are denied for lack of information and knowledge.

28.     The allegations contained in paragraph 28 are denied for lack of information and knowledge.

29.     The allegations contained in paragraph 29 are denied for lack of information and knowledge.

30.     With regard to the allegations contained in paragraph 30, Field Connections admits that Plaintiffs fell behind on their mortgage.  Except as specifically admitted herein, the allegations contained in paragraph 30 are denied for lack of information and knowledge.

31.     The allegations contained in paragraph 31 are denied for lack of information and knowledge.

32.     The allegations contained in paragraph 32 are denied for lack of information and knowledge.

33.     The allegations contained in paragraph 33 are denied for lack of information and knowledge.

34.     The allegations contained in paragraph 34 are denied for lack of information and knowledge.

5

35.     The allegations contained in paragraph 35 are denied for lack of information and knowledge.

36.     With regard to the allegations contained in paragraph 36, it is admitted that foreclosure proceedings were brought concerning the Home.  The remaining allegations contained in paragraph 36 are denied for lack of information and knowledge.

37.     The allegations contained in paragraph 37 are denied for lack of information and knowledge.

38.     The allegations contained in paragraph 38 are denied for lack of information and knowledge.

39.     The allegations contained in paragraph 39 are admitted on information and belief.

40.     The allegations contained in paragraph 40 are denied for lack of information and knowledge.

41.     The allegations contained in paragraph 41 are denied for lack of information and knowledge.

42.     The allegations contained in paragraph 42 are denied for lack of information and knowledge.

43.     The allegations contained in paragraph 43 are denied for lack of information and knowledge.

44.     The allegations contained in paragraph 44 are denied for lack of information and knowledge.

45.     The allegations contained in paragraph 45 are denied for lack of

6

information and knowledge.

46.     The allegations contained in paragraph 46 are denied for lack of information and knowledge.

47.     The allegations contained in paragraph 47 are denied for lack of information and knowledge.

48.     The allegations contained in paragraph 48 are denied for lack of information and knowledge.

49.     The allegations contained in paragraph 49 are denied for lack of information and knowledge.

50.     The allegations contained in paragraph 50 are denied for lack of information and knowledge.

51.     The allegations contained in paragraph 51 are denied for lack of information and knowledge.

52.     The allegations contained in paragraph 52 are denied for lack of information and knowledge.

53.     With regard to the allegations contained in paragraph 53, it is admitted that on December 16, 2014 Field Connections received a work order from Altisource Solutions, Inc. ("Altisource") for a clean out of the Home.  The remaining allegations contained in paragraph 53 are denied for lack of information and knowledge.

54.     The allegations contained in paragraph 54 constitute a legal conclusion to which a response is not required.  To the extent a response is required, the North Carolina General Statutes speak for themselves and paragraph 54 is denied to the extent it varies,

1936963 v1

is inconsistent with, or is an interpretation of those statutes. Except as specifically admitted herein, the allegations contained in paragraph 54 are denied.

55. The allegations contained in paragraph 55 are denied.

56. The allegations contained in paragraph 56 are admitted.

57. The allegations contained in paragraph 57 constitute a legal conclusion to which a response is not required. To the extent a response is required, Field Connections denies the allegations.

58. With regard to the allegations contained in paragraph 58, it is admitted that on December 16, 2014 Field Connections received a work order from Altisource for a clean out of the Home. Exhibit 2 attached to the Second Amended Complaint is what the work order would have looked like, except the actual work order number was "WI13943598", not "WI14071317." Except as specifically admitted herein, the allegations contained in paragraph 58 are denied.

59. With regard to the allegations contained in paragraph 59, it is admitted that on December 21, 2014 Michael Booth and Jessica Booth went to the Home to perform the clean-out pursuant to the Altisource work order. Exhibit 3 attached to the Second Amended Complaint is a report that contains photographs from the clean out on December 21, 2014; the contents of that report speak for themselves. Except as specifically admitted herein, the allegations contained in paragraph 59 are denied.

60. With regard to the allegations contained in paragraph 60, it is denied that any agent, servant, or employee of Field Connections removed anything from the Home at any time. It is admitted upon information and belief that certain personal property that

1936963 v1

had supposedly been removed from the Home on December 21, 2014 remained at the Home through January 2015. Except as specifically admitted herein, the allegations contained in paragraph 60 are denied.

61. With regard to the allegations contained in paragraph 61, Field Connections admits that Altisource requested that the remaining personal property discovered in the basement of the Home in approximately late January 2015 be removed from the Home. Field Connections denies it had any knowledge whatsoever Plaintiffs were seeking to recover personal property from the Home. Except as specifically admitted herein, the allegations contained in paragraph 61 are denied.

62. The allegations contained in paragraph 62 are denied for lack of information and knowledge.

63. The allegations contained in paragraph 63 are denied for lack of information and knowledge.

64. The allegations contained in paragraph 64 are denied for lack of information and knowledge.

65. The allegations contained in paragraph 65 are denied for lack of information and knowledge.

66. The allegations contained in paragraph 66 are denied for lack of information and knowledge.

67. The allegations contained in paragraph 67 are denied for lack of information and knowledge.

68. The allegations contained in paragraph 68 are denied for lack of

9

1936963 v1

information and knowledge.

69. The allegations contained in paragraph 69 are denied.

## FIRST CLAIM FOR RELIEF
### (Conversion Against All Defendants)

70. Field Connections re-alleges and incorporates by reference its responses to all preceding paragraphs of Plaintiffs' Second Amended Complaint.

71. The allegations contained in paragraph 71 constitute a legal conclusion to which a response is not required. To the extent a response is required, Field Connections admits that Defendants were subject to all duties imposed on them by law. Except as specifically admitted herein, the allegations contained in paragraph 71 are denied.

72. The allegations contained in paragraph 72 are admitted.

73. The allegations contained in paragraph 73 constitute a legal conclusion to which a response is not required. To the extent a response is required, Field Connections denies the allegations.

74. The allegations contained in paragraph 74 constitute a legal conclusion to which a response is not required. To the extent a response is required, Field Connections denies the allegations.

75. The allegations contained in paragraph 75 are denied.

76. With regard to the allegations contained in paragraph 76, it is admitted that an independent contractor subcontractor of Field Connections, Christopher Brian Green, d/b/a West End Property Inspections, had its own independent contractor vendor, Michael Booth and Jessica Booth, remove property from the Home. Except as

10

specifically admitted herein, the allegations contained in paragraph 76 are denied.

77.     The allegations contained in paragraph 77 are denied.

78.     The allegations contained in paragraph 78 are denied.

## SECOND CLAIM FOR RELIEF
### (Negligence Against All Defendants)

79.     Field Connections re-alleges and incorporates by reference its responses to all preceding paragraphs of Plaintiffs' Second Amended Complaint.

80.     The allegations contained in paragraph 80 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Field Connections denies the allegations.

81.     The allegations contained in paragraph 81 are denied.

82.     The allegations contained in paragraph 82 are denied.

83.     The allegations contained in paragraph 83 are denied.

84.     The allegations contained in paragraph 84 are denied.

## THIRD CLAIM FOR RELIEF
### (Negligent Misrepresentation against Ocwen and Altisource)

85.     Field Connections re-alleges and incorporates by reference its responses to all preceding paragraphs of Plaintiffs' Second Amended Complaint.

86.     The allegations contained in paragraph 86 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

87.     The allegations contained in paragraph 87 pertain to a defendant other than

1936963 v1

Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

88.     The allegations contained in paragraph 88 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

89.     The allegations contained in paragraph 89 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

90.     Field Connections denies the allegations contained in paragraph 90.

91.     The allegations contained in paragraph 91 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

92.     The allegations contained in paragraph 92 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

93.     The allegations contained in paragraph 93 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the

1936963 v1

extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

94.     The allegations contained in paragraph 94 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

95.     The allegations contained in paragraph 95 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

96.     The allegations contained in paragraph 96 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

97.     The allegations contained in paragraph 97 pertain to a defendant other than Field Connections, and as such no response is required by Field Connections.  To the extent a response is required, Field Connections denies the allegations for lack of information and knowledge.

## FOURTH CLAIM FOR RELIEF
(Unfair and Deceptive Trade Practices Against All Defendants)

98.     Field Connections re-alleges and incorporates by reference its responses to all preceding paragraphs of Plaintiffs' Second Amended Complaint.

1936963 v1

99.     The allegations contained in paragraph 99, including all subparts (a)-(i), constitute a legal conclusion to which a response is not required.  To the extent a response is required, Field Connections denies the allegations.

100.    The allegations contained in paragraph 100 constitute a legal conclusion to which a response is not required.  To the extent a response is required, Field Connections denies the allegations.

101.    The allegations contained in paragraph 101 are denied.

102.    The allegations contained in paragraph 102 are denied.

**EXCEPT AS SPECIFICALLY ADMITTED HEREIN, EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFFS' SECOND AMENDED COMPLAINT, INCLUDING THE WHEREFORE CLAUSE, NOT HEREIN SPECIFICALLY ADMITTED, IS DENIED BY THIS DEFENDANT.**

<u>**THIRD DEFENSE**</u>
**(Lack of Proximate Cause)**

If Field Connections was negligent, which again is denied specifically, any alleged negligence on the part of Field Connections was not a proximate cause of the injuries and damages claimed by Plaintiffs, all of which is pled in bar or limitation of any recovery by the Plaintiffs.

<u>**FOURTH DEFENSE**</u>

The damages and injuries alleged by Plaintiffs are the sole and proximate result of an intervening, insulating, or superseding act or omission of a party other than Field Connections and over whom Field Connections had no control.  The doctrines of

1936963 v1

insulating, intervening, and/or superseding negligence are pled in bar to any recovery by Plaintiffs in this action.

## FIFTH DEFENSE

Field Connections denies that Christopher Brian Green, d/b/a West End Property Inspections ("West End"), Michael Booth, or Jessica Booth were its agents, servants, or employees. West End was an independent contractor subcontractor of Field Connections such that Field Connections cannot be held vicariously liable for the alleged actions of West End, Michael Booth, Jessica Booth, or any of them.

## SIXTH DEFENSE

Field Connections pleads that the Plaintiffs may have failed to mitigate the alleged losses and damages by failing to take reasonable measures to mitigate their losses with respect to any and all damages, if any, and the doctrine of mitigation of damages and the doctrine of avoidable consequences are pled in bar of any claims asserted against Field Connections.

## SEVENTH DEFENSE

Plaintiffs abandoned the subject property and relinquished all rights thereto in accordance with applicable law and the deed of trust.

## EIGHTH DEFENSE

Field Connections pleads the doctrines of laches and/or estoppel in bar of any claims asserted against Field Connections.

1936963 v1

## NINTH DEFENSE
### (Contributory Negligence)

As an affirmative defense and in the alternative, if by any interpretation of law or fact Field Connections is deemed to be negligent, which is denied specifically, and that such negligence was the proximate cause of any damage sustained by Plaintiffs, all of which again is denied specifically, then it is alleged that on the occasion complained of the Plaintiffs were negligent in ways that may be shown through discovery and proven at trial, including, without limitation, that Plaintiffs left their personal property in the subject home unattended for a period of approximately six (6) months despite knowing that the home was being foreclosed upon and would be sold at auction sale. Any acts or omissions of negligence by Plaintiffs are the direct and proximate cause of any injury or damage sustained by Plaintiffs and are specifically pled as contributory negligence in bar of any right which Plaintiffs might otherwise have to recover herein.

## TENTH DEFENSE

Plaintiffs' counsel has already stipulated in writing that Plaintiffs do not seek punitive damages against Field Connections. As such, to the extent Plaintiffs' Second Amended Complaint seeks recovery of punitive damages against Field Connections, the punitive damages claim is barred by stipulation of counsel, estoppel, waiver, or any of these defenses.

## ELEVENTH DEFENSE

Plaintiffs' counsel has already stipulated on the record in open court on September 20, 2016 during the motion for summary judgment hearing in the above-captioned case

1936963 v1

that Plaintiffs do not seek recovery of damages against Field Connections concerning certain property Plaintiffs allege was lost or destroyed: the refrigerator, microwave, stove, and dishwasher (the "kitchen appliances"). As such, to the extent Plaintiffs' Second Amended Complaint seeks recovery of damages against Field Connections for those kitchen appliances, that portion of Plaintiffs' damages claim against Field Connections is barred by stipulation of counsel, Plaintiffs' express waiver of such claims, estoppel, or any of these defenses.

## TWELFTH DEFENSE

Any award of punitive or exemplary damages against Field Connections would: (i) violate the Fifth and Fourteenth Amendments to the Constitution of the United States and analogous provisions of the North Carolina Constitution in that it would deprive Field Connections of property without due process of law; (ii) violate the Fourteenth Amendment of the Constitution of the United States and analogous provisions of the North Carolina Constitution in that it would deny equal protection to Field Connections; and (iii) would violate the prohibition against excessive fines of the Eighth Amendment of the Constitution of the United States.

## THIRTEENTH DEFENSE

Field Connections raises all defenses, immunities, and limits set out in N.C. Gen. Stat. § 1D-1, *et. seq.*, as affirmative defenses in bar of Plaintiffs' rights to recover punitive damages in this action including, but not limited to, the defense provided by N.C. Gen. Stat. §1D-15(c). Plaintiffs cannot recover punitive damages against Field Connections without clear and convincing evidence that an officer, director, or manager

17

1936963 v1

of Field Connections participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages and no such evidence exists in this case. Moreover, Field Connections specifically reserves the right to request bifurcation of any punitive damages issue at the trial of this action, pursuant to N.C. Gen. Stat. § 1D-30.

## FOURTEENTH DEFENSE

Again and to the extent that the Second Amended Complaint asserts a claim for punitive damages, Field Connections asserts that punitive damages are not recoverable in this action for the reason that Plaintiffs cannot establish that Field Connections' conduct was willful or wanton.

## FIFTEENTH DEFENSE

To the extent that the Second Amended Complaint asserts a claim for treble damages and attorneys' fees, Field Connections asserts that treble damages and attorneys' fees are not recoverable in this action for the reason that Plaintiffs cannot establish that Field Connections' conduct was fraudulent, or that it constituted unfair or deceptive acts or practices under N.C.G.S. § 75-1.1. Field Connections adopts and incorporates as if fully set forth herein its Memorandum in Support of Motion for Partial Summary Judgment [DE 56] and its Reply to Plaintiffs' Opposition to Field Connections, LLC's Motion for Partial Judgment [DE61] regarding Plaintiffs' claim under N.C.G.S. § 75-1.1.

## SIXTEENTH DEFENSE

Field Connections alleges that insofar as the Second Amended Complaint purports to make a claim for treble damages, it is unconstitutional; it is violative of the Fourteenth Amendment to the United States Constitution and the law of land clause of the North

1936963 v1

Carolina Constitution.

## SEVENTEENTH DEFENSE

Field Connections pleads all applicable statutes of limitation and statutes of repose in bar of any claims asserted against it.

## EIGHTEENTH DEFENSE

Field Connections incorporates by reference any and all affirmative defenses raised by the co-defendants in this matter, to the extent applicable.

## NINETEENTH DEFENSE

Field Connections reserves its right to assert additional defenses as may be discovered before trial.

**WHEREFORE**, having fully answered each and every allegation contained in Plaintiffs' Second Amended Complaint, Field Connections makes the following prayer for relief:

1.  That Plaintiffs recover nothing from Field Connections;

2.  That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiffs;

3.  That paragraphs 21, 47, 60, 61, 69, 82, 89, 90, 93, 99(b), 99(c), and 99(g) of the Second Amended Complaint be struck as a violation of Fed. R. Civ. P. 15;

4.  For a trial by jury on all contested issues of fact; and

5.  For such other relief as the Court deems just and proper.

1936963 v1

This the 10th day of October, 2016.

/s/ Stephanie Gaston Poley
N.C. Bar No.:  31542
/s/ Joseph S. Johnston
N.C. Bar No.:  47068
Attorneys for Field Connections, LLC
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone:  (919) 828-5100
Fax:  (919) 828-2277
E-mail:  spoley@cshlaw.com
E-mail:  jjohnston@cshlaw.com

1936963 v1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the <u>10th</u> day of October, 2016, I electronically filed the foregoing *Answer to Second Amended Complaint* with the Clerk of Court using the CM/ECF system for the Middle District of North Carolina, which sent electronic notice of the filing to all counsel of record, including:

| | |
|---|---|
| Michelle Merck Walker | mwalker@ptwfirm.com |
| James C. White | jwhite@ptwfirm.com |
| Michael C. Griffin | mgriffin@babc.com |
| Mark S. Wierman | mwierman@babc.com |

<u>/s/ Stephanie Gaston Poley</u>
N.C. Bar No.: 31542
<u>/s/ Joseph S. Johnston</u>
N.C. Bar No.: 47068
Attorneys for Field Connections, LLC
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Fax: (919) 828-2277
E-mail: spoley@cshlaw.com
E-mail: jjohnston@cshlaw.com

1936963 v1