UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| LISA REHKOPF AND ERIC SLATER,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>OCWEN LOAN SERVICING, LLC, ALTISOURCE SOLUTIONS, INC. AND WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4, FIELD SERVICES CONNECTIONS, LLC<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00615 |

## VERDICT FORM

**First Claim for Relief – Conversion**

　　1.　　Based on the preponderance of the evidence, at the time of the clean out in December 2014 and February 2015, were the Plaintiffs the lawful owners of the personal property left at 351 Sarah Cove Road, Otto, NC?

　　　　_____ Yes

　　　　_____ No

IF YES, PLEASE ANSWER NO. 2

　　2.　　Based on the preponderance of the evidence, did the Defendants convert the personal property left at 351 Sarah Cove Road, Otto, NC?

　　　　_____ Yes

　　　　_____ No

1

*[IMPORTANT:  IF YOU ANSWERED "NO" TO QUESTION 1 OR 2, THEN DO NOT ANSWER QUESTION 3.  IF YOU ANSWERED "YES" TO QUESTIONS 1 AND 2, THEN YOU MUST ANSWER QUESTION 3].*

3. If you find that Defendants converted the Plaintiffs' personal property, what amount of compensatory damages do you award Plaintiffs?

_____

**Second Claim for Relief – Negligence**

1. Based on the preponderance of the evidence, did Defendants owe a duty to Plaintiffs?

_____ Yes

_____ No

IF YES, PLEASE ANSWER NO. 2

2. Based on the preponderance of the evidence, did Defendants breach a duty owed to Plaintiffs?

_____ Yes

_____ No

IF YES, PLEASE ANSWER NO. 3

3. Based on the preponderance of the evidence, was the Defendants' breach the proximate cause of Plaintiffs' injury?

_____ Yes

_____ No

***[IMPORTANT: IF YOU ANSWERED "NO" TO QUESTIONS 1, 2 OR 3, THEN DO NOT ANSWER QUESTION 4. IF YOU ANSWERED "YES" TO QUESTIONS 1, 2 AND 3, THEN YOU MUST ANSWER QUESTION 4].***

4. If you find that Defendants were negligent in removing the Plaintiffs' personal property, what amount of compensatory damages do you award?

_____

**Third Claim for Relief – Negligent Misrepresentation**

1. Based on the preponderance of the evidence, did Defendants Ocwen and Altisource supply information to Plaintiffs that was false?

\_\_\_Yes

\_\_\_ No

2. Did Defendants Ocwen and Altisource know that the representation was false when the representation was made?

\_\_\_Yes

\_\_\_ No

3. Did Defendants Ocwen and Altisource make the representation for the purpose of inducing Plaintiffs to rely upon it?

\_\_\_Yes

\_\_\_ No

4. Based on the preponderance of the evidence, did Plaintiffs rely on the false information provided by Defendants Ocwen and Altisource?

\_\_\_Yes

___ No

5. Were Plaintiffs justified in the reliance?

___Yes

___ No

6. As a result of the reliance, did Plaintiffs sustain damage?

___Yes

___ No

*[IMPORTANT: IF YOU ANSWERED "NO" TO QUESTIONS 1 - 6, THEN DO NOT ANSWER QUESTION 7. IF YOU ANSWERED "YES" TO QUESTIONS 1 - 6, THEN YOU MUST ANSWER QUESTION 7].*

7. What amount of compensatory damages do you award Plaintiffs?

_____

_____

**Fourth Claim for Relief – Violation of N.C. GEN. STAT. §§ 75-1 et seq.**

1. Did the Defendants Wells Fargo as Trustee, Ocwen, and Altisource do the following:

(1) Maintain a policy which did not comply with the requirement of North Carolina law requiring a party to secure a writ of possession prior to entering a foreclosed home and disposing of the owners' personal property;

___Yes

___ No

2. Was the Defendants conduct in commerce or did it affect commerce?

___Yes

___ No

3. Was the Defendants' conduct a proximate cause of the Plaintiff's injury?

___Yes

___ No

**Punitive Damages N.C. GEN. STAT. § 1D-15**

1. Based on the clear and convincing evidence, do you find that the Defendant Altisource engaged in willful and wanton conduct, in that Altisource acted in conscious and intentional disregard of and indifference to the rights of the plaintiffs which it knew or should have known was reasonably likely to result in damage to the plaintiffs?

___Yes

___ No

2. Based on the clear and convincing evidence, do you find that the Defendant Altisource's conduct was related to the plaintiffs' damages?

___Yes

___ No

3. Based on the clear and convincing evidence, do you find that the Defendant Altisource's officers, directors or managers participated in or condoned the willful or wanton conduct?

___Yes

___ No

5

*[IMPORTANT: IF YOU ANSWERED "NO" TO QUESTIONS 1, 2 OR 3, THEN DO NOT ANSWER QUESTION 4. IF YOU ANSWERED "YES" TO QUESTIONS 1, 2 AND 3, THEN YOU MUST ANSWER QUESTION 4].*

4. If you find that Defendant Altisource engaged in willful and wanton conduct in removing the Plaintiffs' personal property, what amount of punitive damages do you award?

_____

Respectfully submitted, this the 17th day of January, 2017.

s/Michael C. Griffin
Mark Wierman [N.C. Bar No. 37143]
Michael C. Griffin [N.C. Bar No. 31947]
Bradley Arant Boult Cummings LLP
Hearst Tower
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Telephone: (704) 338-6000
Facsimile: (704) 338-6091
mwierman@babc.com
mgriffin@babc.com

*Attorneys for Defendants Ocwen Loan Servicing, LLC, Altisource Solutions, Inc. and Wells Fargo Bank N.A. As Trustee For Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filed the foregoing was filed with the Clerk of Court using the CM/ECF system for the Middle District of North Carolina, which sent electronic notice of the filing to all counsel of record, including:

James White
PARRY | TYNDALL | WHITE
100 Europa Drive, Suite 401
Chapel Hill, NC 27517

*Attorneys for Plaintiffs Lisa Rehkopf, Lance Rehkopf, and Eric Slater*

Stephanie Gaston Poley
Joseph S. Johnston
Cranfill Sumner & Hartzog LLP
PO Box 27808 Raleigh, NC 27808
spoley@cshlaw.com
jjohnston@cshlaw.com

*Attorneys for Field Connections LLC*

Kenneth B. Rotenstreich
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898
Greensboro, NC 27402-1898
kbr@trslaw.com

*Co-Counsel for Ocwen Loan Servicing, Altisource Solutions, Inc. and Wells Fargo Bank N.A*

                                            s/Michael C. Griffin
                                            Michael C. Griffin

7

Case 1:15-cv-00615-JLW   Document 102   Filed 01/17/17   Page 7 of 7