# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

| | |
|---|---|
| **LISA REHKOPF AND ERIC SLATER,**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**OCWEN LOAN SERVICING, LLC, ALTISOURCE SOLUTIONS, INC. AND WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4, FIELD SERVICES CONNECTIONS, LLC**<br><br>**Defendants.** | **Case No.: 1:15-cv-00615** |

**DEFENDANTS OCWEN LOAN SERVICING, LLC, ALTISOURCE SOLUTIONS, INC. AND WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4 PROPOSED JURY INSTRUCTIONS**

### N.C.P.I. -- Civil 100.10 Opening Statement

Members of the jury, the attorneys will now make their opening statements. The purpose of an opening statement is narrow and limited.

An opening statement is a forecast of what the attorney believes the evidence will be in the coming trial. By it, the parties, through their attorneys, set forth the grounds for their respective claims or defenses.

You must not consider an opening statement as evidence.

The evidence will come in the form of the testimony of the witnesses, the admissions of the parties, the stipulations of counsel, or any documents, photographs or tangible objects that may be introduced into evidence as exhibits by the parties.

GIVEN _____

DENIED _____

1

## N.C.P.I. Civil 101.05. Function of the Jury

Members of jury: All the evidence has been presented. It is now your duty to decide the facts from the evidence. You must then apply to those facts the law which I am about to give you. It is absolutely necessary that you understand and apply the law as I give it to you, and not as you thought it was or as you might like it to be.

GIVEN     _____

DENIED   _____

## N.C.P.I. Civil 101.15. Credibility of Witness

You are the sole judges of the credibility of each witness.

You must decide for yourselves whether to believe the testimony of any witness. You may believe all, or any part, or none of that testimony.

In determining whether to believe any witness you should use the same tests of truthfulness which you apply in your everyday lives. These tests may include: the opportunity of the witness to see, hear, know, or remember the facts or occurrences about which the witness testified; the manner and appearance of the witness; any interest, bias, or partiality the witness may have; the apparent understanding and fairness of the witness; whether the testimony of the witness is sensible and reasonable; and whether the testimony of the witness is consistent with other believable evidence in the case.

GIVEN      _____

DENIED      _____

## N.C.P.I. Civil 101.20. Weight of the Evidence

You are also the sole judges of the weight to be given to any evidence. By this I mean, if you decide that certain evidence is believable, you must then determine the importance of that evidence in the light of all other believable evidence in the case.

GIVEN      _____

DENIED    _____

## N.C.P.I. Civil 101.30. Testimony of Interested Witness

You may find that a witness is interested in the outcome of this trial. In deciding whether or not to believe such a witness, you may take the interest of the witness into account. If, after doing so, you believe the testimony of the witness, in whole or in part, you will treat what you believe the same as any other believable evidence.

GIVEN       _____

DENIED    _____

**N.C.P.I. Civil 101.35. Impeachment or Corroboration by Prior Statement**

When evidence has been received tending to show that at an earlier time a witness made a statement which may be consistent with or may conflict with his testimony at this trial, you must not consider such earlier statement as evidence of the truth of what was said at that earlier time because it was not made under oath at this trial. If you believe that such earlier statement was made, and that it is consistent with or does conflict with the testimony of the witness at this trial, then you may consider this, together with all other facts and circumstances bearing upon the witness's truthfulness, in deciding whether you will believe or disbelieve his testimony at this trial.

GIVEN     _____

DENIED    _____

## N.C.P.I. -- Civil 100.40 Deposition Testimony

Testimony is now to be presented to you by means of a deposition. I want to explain this procedure to you.

Under certain circumstances, a party to a lawsuit may present testimony through the use of a deposition instead of bringing the witness physically to court.

A deposition is the sworn testimony of a witness given before the trial. Attorneys for the parties have the opportunity to be present and ask the witness questions.

In this case, in addition to having the stenographic transcript of the deposition, counsel also made a videotape of the witness at the time the questions were asked and answered. You will now see this videotape deposition on the television set(s) in front of you. During the videotape presentation you may hear objections stated by the attorneys. Do not concern yourself with the objections. You may consider all the questions and answers that you hear as being proper for your consideration as evidence.

This testimony is entitled to the same consideration and is to be judged as to credibility and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness were present and gave from the witness stand the same answers as were given by the witness when the deposition was taken. No more or no less weight should be given to any piece of evidence based solely upon the format in which it is presented to you, either by a live witness, a videotape of a witness, or the reading of a stenographic transcript of the deposition of a particular witness.

GIVEN        _____

DENIED       _____

## N.C.P.I. Civil 100.44. Interrogatories

Members of the Jury, at an earlier time the parties submitted questions to each other requesting information. These questions are called interrogatories. The parties were required to answer the interrogatories under oath. The parties have introduced some of the questions and the answers into evidence as the exhibit number ___.

You may treat the answers like admissions of the party. Not only may you consider the answers as evidence, but you may give the answers such weight as you determine is appropriate in light of any other evidence offered by the party in these answers.

Also, members of the jury, the opposing party is not bound by those answers. In other words, the party against whom the answer is offered, may offer other evidence to contradict, explain or challenge the answers given.

GIVEN        _____

DENIED        _____

Case 1:15-cv-00615-JLW   Document 103   Filed 01/17/17   Page 8 of 42

## N.C.P.I. Civil 101.45. Circumstantial Evidence

There are two types of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain or group of facts and circumstances pointing to the existence or non-existence of certain facts. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. The law simply requires the party having the burden of proof on a particular issue to satisfy the jury as to that issue by the greater weight of all the evidence in the case.

GIVEN     _____

DENIED    _____

## Federal Civil Jury Instructions, Seventh Circuit, §1.04. Evidence

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true and that a person would have given certain testimony.

GIVEN _____

DENIED _____

**Federal Civil Jury Instructions, Seventh Circuit, §1.06. What is not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember differs from what the lawyers said, your memory is what counts.

GIVEN        _____

DENIED       _____

## N.C.P.I. Civil 101.50. Duty to Recall the Evidence

It is your duty to recall and consider all of the evidence introduced during the trial. If your recollection of the evidence differs from that which the attorneys argued to you, you should be guided by your own recollection in your deliberations.

GIVEN     _____

DENIED   _____

## N.C.P.I. Civil 150.10. Jury Should Consider All Contentions

Now, members of the jury, you have heard the evidence and the arguments of the attorneys. It is your duty to consider all of the evidence, all contentions arising from that evidence, and the arguments and positions of the attorneys. You must weigh all of these in light of your common sense and determine the truth of this matter. You are to perform this duty fairly and objectively, and without bias, sympathy, or partiality toward any party.

GIVEN      _____

DENIED    _____

Case 1:15-cv-00615-JLW   Document 103   Filed 01/17/17   Page 13 of 42

**N.C.P.I. Civil 150.12. Jury Should Render Verdict Based on Facts, Not Consequences**

You should not be swayed by pity, sympathy, partiality or public opinion. You must not consider the effect of a verdict on the plaintiff or defendant, or concern yourself as to whether it pleases the Court. Both the plaintiff and the defendant expect that you will carefully and fairly consider all the evidence in the case, follow the law as given to you by the Court and reach a just verdict, regardless of the consequences.

GIVEN      _____

DENIED     _____

## N.C.P.I. Civil 150.20. The Court Has No Opinion

The law requires the presiding judge to be impartial and express no opinions as to the facts. You are not to draw any inference from any ruling that I have made. You must not let any inflection in my voice, expression on my face or anything else that I have done during this trial influence your findings. It is your duty to find the facts of this case from the evidence as presented.

GIVEN     _____

DENIED    _____

# N.C.P.I. Civil 102.19 Proximate Cause – Definition; Multiple Causes[1]

The plaintiffs not only have the burden of proving negligence, but also that such negligence was a proximate cause[2] of the damage.

Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen[3] would probably produce such damage or some similar injurious result.[4]

There may be more than one proximate cause of damage. Therefore, the plaintiffs need not prove that the defendants' negligence was the sole proximate cause of the damage. The plaintiffs must prove, by the greater weight of the evidence, only that the defendants' negligence was a proximate cause.

GIVEN     _____

DENIED     _____

---

[1] If the evidence justifies the application of certain specialized legal rules germane to the issue of proximate cause, they should be given in addition to the instruction below. *See* N.C.P.I.—Civil 102.26 (Act of God), N.C.P.I.—Civil 102.60 (Joint and Concurring Negligence) and N.C.P.I.—Civil 102.65 (Insulating Negligence).

[2] An act or omission which does not immediately precede the injury or damage may be a proximate cause. Therefore, proximate cause and immediate cause are not synonymous.

[3] If there is a contention by the defendant that the injury or death was not foreseeable by reason of the plaintiff's peculiar susceptibility ("thin skulled" plaintiff), then use N.C.P.I.--Civil 102.20.

[4] *See Loftis v. Little League Baseball, Inc.*, 169 N.C. App. 219, 222, 609 S.E.2d 481, 484 (2005) (explaining that "[p]roximate cause is defined as: 'a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and *without which the injuries would not have occurred,* and one from which a person of ordinary prudence could have reasonably have foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.'" (Emphasis in original) (quoting *Lynn v. Overbrook Dev.*, 328 N.C. 689, 696, 403 S.E.2d 469, 473 (1991)); *Goodman v. Wenco Foods, Inc*, 333 N.C. 1, 18, 423 S.E.2d 444, 452 (1992) (stating that the proximate "cause producing the injurious result must be in a continuous sequence, without which the injury would not have occurred, and one from which any person of ordinary prudence would have foreseen the likelihood of the result under the circumstances as they existed."); and *Murphy v. Georgia Pacific Corp.*, 331 N.C. 702, 706, 417 S.E.2d 460, 463 (1992) ("Proximate cause is a cause which in natural and continuous sequence produces a plaintiff's injuries and one from which a person of ordinary prudence could have reasonably foreseen that such a result or some similar injurious result was probable.").

## N.C.P.I. 102.35 Contentions of Negligence

In this case, the plaintiff contends, and the defendant denies, that the defendant was negligent in one or more of the following ways:

Defendants entered Plaintiffs property and disposed of all of Plaintiffs' personal property without first securing a writ of possession

The plaintiff further contends, and the defendant denies, that the defendant's negligence was a proximate cause of the plaintiff's damage.

I instruct you that negligence is not to be presumed from the mere fact of damage.


GIVEN _____

DENIED _____

**N.C.P.I. Civil 102.11 Negligence Issue – Definition of Common Law Negligence**

Negligence refers to a person's failure to follow a duty of conduct imposed by law. Every person is under a duty to use ordinary care to protect himself and others from damage. Ordinary care means that degree of care which a reasonable and prudent person would use under the same or similar circumstances to protect himself and others from damage.[5] A person's failure to use ordinary care is negligence.[6]

GIVEN    _____

DENIED   _____

---

[5] Pinyan v. Settle, 263 N.C. 578, 582, 139 S.E.2d 863, 866 (1965); Barnes v. Caulbourne, 240 N.C. 721, 725, 83 S.E.2d 898, 901 (1954).
[6] The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence.'" Williamson v. Clay, 243 N.C. 337, 343, 90 S.E.2d 727, 731 (1956), quoting Council v. Dickerson's, Inc., 233 N.C. 472, 474, 64 S.E.2d 551, 553 (1951).

**N.C.P.I. Civil 102.10 Negligence Issue – Burden of Proof**

Were the plaintiffs damaged by the negligence of the defendants?[7]

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendants were negligent and that such negligence was a proximate cause of the plaintiffs' damage.


GIVEN _____

DENIED _____

---

[7] If a separate issue of agency is being submitted, the agent's name should replace that of the defendant in the issue as stated above. In such case, subsequent instructions on this issue should be varied accordingly.

Also, of course, if there are several defendants not involved in an agency relationship, the issue as to the negligence of each should be submitted separately.

# N.C.P.I. Civil 800.10 Negligent Misrepresentation[8]

Were the plaintiffs damaged by a negligent misrepresentation of the defendants?

A person has a duty to exercise reasonable care or competence in obtaining or communicating information to other persons, or groups of persons who *he* intends will relyon information supplied by *him*.[9] A breach of this duty is a negligent misrepresentation.

On this issue the burden of proof is on the plaintiffs. This means that the plaintiffs must prove, by the greater weight of the evidence, six things:

First, that in the course of its profession, the defendants supplied information to the plaintiff.

Second, that the defendants intended for the plaintiff to rely on that information for guidance or benefit in a particular business transaction.

Third, that the information supplied by the defendant was false.

Fourth, that the defendants failed to exercise reasonable care or competence in obtaining or communicating the false information. Reasonable care or competence means that degree of care, knowledge, intelligence or judgment which a prudent person would use under the same or similar circumstances.[10]

---

[8] *See generally Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988) ("The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." (citation omitted)); *Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 595, 394 S.E.2d 643, 648 (1990); *Blackwell v. Dorosko*, 93 N.C. App. 310, 313, 377 S.E.2d 814, 817 (1989); *Stanford v. Owens*, 76 N.C. App. 284, 286, 332 S.E.2d 730, 731-32 (1985), *disc. rev. denied*, 314 N.C. 670, 336 S.E.2d 402 (1985); *Davidson & Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 669, 255 S.E.2d 580, 585 (1979), *cert. denied*, 298 N.C. 295, 259 S.E.2d 911 (1979).

[9] *See Raritan River Steel Co.,* 322 N.C. at 214, 367 S.E.2d at 617 (adopting the standard set forth in the RESTATEMENT (SECOND) OF TORTS § 552 (1977), the Court states that this approach "recognizes that liability should extend not only to those with whom the accountant is in privity or near privity, but also to those persons, or classes of persons, whom he knows and intends will rely on his opinion, or whom he knows his client intends will so rely").

[10] The Court should instruct the jury in conformity with the applicable standard of care. In most cases, the standard may be stated in the language of the first alternative. With regard to certain professionals, the standard of care stated in certain charges or cases should be followed: Attorneys (see N.C.P.I.-- Civil 809.90 ("Legal Negligence: Duty to Client")); Accountants (see *Raritan River Steel Co.*, 322 N.C. at 206, 367 S.E.2d at 612-13); Appraisers (see *Ballance v.*

      <u>Fifth,</u> that the plaintiff actually relied on the false information supplied by the defendants, and that the plaintiff's reliance was justifiable.[11] Actual reliance is direct reliance upon false information.[12] Reliance is justifiable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care, would have relied on the false information.

      <u>Sixth,</u> that such reliance proximately caused the plaintiff to incur financial damage.[13] Proximate cause is a cause which in a natural and continuous sequence

---

*Rinehart*, 105 N.C. App. 203, 207-08, 412 S.E.2d 106, 109 (1992) and *Alva v. Cloninger*, 51 N.C. App. 602, 611, 277 S.E.2d 535, 540-41 (1981)); Architects (see *Davidson & Jones, Inc.*, 41 N.C. App. at 666-67, 255 S.E.2d at 584); Engineers (see *Stanford v. Owens*, 46 N.C. App. 388, 400, 265 S.E.2d 617, 625 (1980)); Health Care Providers (see N.C.P.I.--Civil 809.00 ("Medical Negligence: Direct Evidence of Negligence Only")); Property Inspectors (see *Johnson v. Beverly-Hanks & Assoc., Inc.*, 97 N.C. App. 335, 345, 388 S.E.2d 584, 590 (1990)); Realtors (see *Spence v. Spaulding & Perkins, Ltd.*, 82 N.C. App. 665, 667, 347 S.E.2d 864, 865-66 (1986)); Surveyors (see *Stanford*, 46 N.C. App. at 400, 265 S.E.2d at 625).

[11] *NOTE WELL:* In *Crawford v. Mintz*, ___ N.C. App. ___, 673 S.E.2d 746 (2009), the North Carolina Court of Appeals rejected the dicta appearing in *Forbes,* 99 N.C. App. at 598, 394 S.E.2d at 649; *Blackwell*, 93 N.C. App. at 313, 377 S.E.2d at 817; and *Owens*, 76 N.C. App. at 287, 332 S.E.2d at 732, suggesting that contributory negligence is an affirmative defense to an action for negligent misrepresentation.

      In a previous footnote to this instruction, the North Carolina Pattern Jury Instruction Civil Subcommittee recommended against a charge on contributory negligence, pointing out that the foregoing cases did "not appear to recognize that an inconsistent verdict would result from a 'yes' on the first issue (where the plaintiff proves by the greater weight that his reliance was justifiable) and a 'yes' on the issue of contributory negligence (where the defendant proves by the greater weight that the plaintiff's reliance was unreasonable)."

      In *Crawford*, the Court stated that it found the "reasoning in the North Carolina Pattern Jury Instructions persuasive," *Crawford*, ___N.C. App. at ___, 673 S.E.2d at 749, explaining that the trial court's use of the pattern instruction set out above

        required the jury to find that Plaintiffs had proved they exercised due care in
        relying on Defendants' representation, and that Plaintiffs could not have
        discovered that the property was not connected to the city sewer system through
        the exercise of due care. This instruction therefore required the jury to make a
        determination that Plaintiffs were not contributorily negligent in order for the jury
        to decide the issue of negligent misrepresentation in Plaintiffs' favor. Further,
        unlike an instruction on contributory negligence, where the burden of proof would
        have been on Defendants, the burden of proof for negligent misrepresentation
        remained with Plaintiffs, *id.*

[12] *See Raritan River Steel Co.*, 322 N.C. at 209, 367 S.E.2d at 614.

[13] *See Bob Timberlake Collection, Inc. v. Edwards,* 176 N.C. App. 33, 40, 626 S.E.2d 315, 322 (2006) (finding no allegation that "the information provided was prepared without reasonable care, or that any supposed breach was a proximate cause of the injury," and finding a "fail[ure] to allege sufficient facts which . . . would state a claim for negligent misrepresentation").

21

produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen would probably produce such damage or some similar injurious result.

There may be more than one proximate cause of damage. Therefore the plaintiff need not prove that the defendant's false representation was the sole proximate cause of the plaintiff's damages. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's false representation was a proximate cause.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff was financially damaged by a negligent misrepresentation of the defendant, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

GIVEN     _____

DENIED    _____

## N.C.P.I. Civil 806.00 Conversion[14]

Did the defendants convert the personal property of the plaintiff?

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

First, that until the time the defendant came into possession of the personal property, the plaintiff was its lawful owner and was entitled to its immediate possession.[15]

Second, that the defendant converted the personal property to *his* own use.

Conversion is the unauthorized exclusion of an owner from exercising his rights of ownership over his own personal property.[16]

The plaintiff need not prove that the defendant had a wrongful intent. Good faith, honest intentions and innocence are not defenses.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence, that the defendant converted the personal property of the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

GIVEN      _____

DENIED      _____

---

[14] *See Wall v. Colvard, Inc.,* 268 N.C. 43, 49, 149 S.E.2d 559, 564 (1966); *Peed v. Burleson's Inc.,* 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1966); W. Prosser, Law of Torts, S 15 (4th ed. 1971).

[15] In *McNeil v. Minter,* the court held that the action for conversion applied to goods and personal property, and not to real property. 12 N.C. App. 144, 182 S.E.2d 647 (1971).

[16] However, after an act of conversion has become complete, an offer to return or restore the property by the wrongdoer will not bar the cause of action for conversion. *Wall,* 268 N.C. at 49, 149 S.E.2d at 564 (citing *Stephens v. Koonce,* 103 N.C. 266, 9 S.E. 315 (1889)).

Case 1:15-cv-00615-JLW   Document 103   Filed 01/17/17   Page 23 of 42

## N.C.P.I. Civil 806.01 Conversion – Defense of Abandonment

Did the plaintiffs abandon the personal property?

On this issue, the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, two things:

First, that plaintiff had the intent to give up all claim to the personal property on a permanent basis, and

Second, that the plaintiff showed this intent by positive and unequivocal conduct. Intent is a determination to act in a certain way or to do a certain thing. Every person is presumed to intend the natural consequences of his voluntary actions.

When an owner abandons something, he does so without being forced. A gift is not an abandonment. A sale is not an abandonment. An owner abandons something simply because he no longer desires to possess it.[17]

If an owner[18] of personal property terminates his ownership by abandonment, ownership passes to the first person who thereafter takes possession.

The mere lapse of time or other delay by an owner in asserting his claim of ownership will not amount to abandonment unless such lapse or other delay is accompanied by acts clearly inconsistent with his ownership.[19]

---

[17] See *State v. West*, 293 N.C. 18, 30, 235 S.E.2d 150, 156 (1977). Justice Lake, quoting from *Church v. Bragaw*, 144 N.C. 126, 56 S.E. 688 (1907), wrote:

> "Abandonment must be made by the owner without being pressed by any duty, necessity or utility to himself, but simply because he desires no longer to possess a thing; and, further, it must be made without a desire that any other person shall acquire the same; for if it were made for a consideration, it would be a barter or sale, and if without consideration, but with an intention that some other person should become the possessor, it would be a gift."

Id. (emphasis in original).

[18] In some cases, the facts may involve an agent of the owner whose acts are contended to be an abandonment of the property. Whether an agent can abandon property on behalf of his owner is a question of agency law and a general agency issue should be submitted. See N.C.P.I.--Civil 103.10. Note, however, that State v. West instructs that an agent is not to be presumed to have the authority to dispose of his principal's property. 293 N.C. 18, 30, 235 S.E.2d 150, 157 (1977) (emphasis added). "Obviously, neither careless disregard nor intentional misconduct by the clerk will show an intent by the owner of the documents in question to abandon them." Id. 293 N.C. at 30, 235 S.E.2d at 157.

[19] *State v. West*, 293 N.C. at 30, 235 S.E.2d at 156.

24

Finally, as to this issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the plaintiff abandoned the personal property, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

GIVEN     _____

DENIED   _____

## N.C.P.I. Civil 806.05 Conversion - Damages

What amount is the plaintiff entitled to recover for damages for the conversion of the property of the plaintiff?

If you have answered this issue "Yes" this issue "No" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consists of some trivial amount such as one dollar in recognition of the technical damages incurred by the plaintiff.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages caused by the conversion of the defendant.

The plaintiff's actual damages are equal to the fair market value of the property at the time it was converted.[20] The fair market value of any property is the amount which would be agreed upon as a fair price by an owner who wishes to sell, but is not compelled to do so, and a buyer who wishes to buy, but is not compelled to do so.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence, the amount of actual damages caused by the conversion of the property of the plaintiff, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.

GIVEN    _____

DENIED    _____

---

[20] Wall v. Colvard, 268 N.C. 43, 49, 149 S.E.2d 559, 564 (1966); Crouch v. Lowther Trucking Co., 262 N.C. 85, 87, 136 S.E.2d 246, 247 (1964); Esteel Co. v. Goodman, 82 N.C. App. 692, 697, 348 S.E.2d 153, 157 (1987), disc. review denied, 318 N.C. 693, 351 S.E.2d 745 (1987).

**N.C.P.I. Civil 810.66 Property Damages – No Market Value, Repair or Replacement – Recovery of Intrinsic Actual Value**

> <u>NOTE WELL:</u> *Use this instruction where damages measured by market value would not adequately compensate the plaintiff and repair or replacement would be impossible (as where items such as a family portrait are destroyed) or economically wasteful (as where obsolete property is damaged beyond economically feasible repair).[21]*

The plaintiff is entitled to recover the actual value of *his* property immediately before it was damaged. The actual value of any property is its intrinsic value; that is, its reasonable value to its owner.[22] In determining the actual value of the plaintiff's property, you may consider:

the original cost of labor and materials used in producing the property;

the age of the property;

the degree to which the has been used;

the condition of the property just before it was damaged;

the uniqueness of the property;

the practicability of reconstructing the property;

the cost of replacing the property;

the insured value of the property;[23]

the opinion of the plaintiff as to its value;

---

[21] *William F. Freeman, Inc. v. Alderman Photo Co.,* 89 N.C. App. 73, 365 S.E.2d 183 (1988). Even though an item has no measurable market value when tortiously destroyed, it nonetheless may have intrinsic value to its owner, which is recoverable. *But see Shera v. N.C. State Univ. Veterinary Teaching Hosp.*, __ N.C. App.___, __, 723 S.E.2d 352, 357 (2012) ("[T]he sentimental bond between a human and his or her pet companion can neither be quantified in monetary terms [n]or compensated for under our current law.").

[22] *Id.*

[23] *William F. Freeman, Inc.*, 89 N.C. App. at 77, 365 S.E.2d at 186.

You will not consider any fanciful, irrational or purely emotional value that the property may have had.[24]

GIVEN      _____

DENIED    _____

---

[24] *William F. Freeman, supra; see also Thomason*. 159 N.C. at 303–04, 74 S.E. at 1025 ("[D]amages which are merely imaginary or have no real or substantial existence, should not be allowed.").

**N.C.P.I. Civil 813.21 Unfair and Deceptive Trade Practices Charge** *(N.C. Gen. Stat. Ch. 75)*

Did Defendant Altisource's conduct in cleaning out the home constitute an unfair or deceptive practice or act?

On this issue the burden of proof is on the Plaintiffs. This means that the Plaintiff must prove, by the greater weight of the evidence, that the Defendants committed the acts as contended by the Plaintiffs.[25]

This cause of action does not apply to Defendant Field Connections, LLC.

Finally, as to this issue on which the Plaintiffs has the burden of proof, if you find by the greater weight of the evidence that the Defendant did at least one of the act(s) contended by the Plaintiffs, then you would answer "Yes" in the space beside each act so found.

If, on the other hand, you fail to so find, then you would answer "No" in the spaces provided.

GIVEN     _____

---

[25] There are a variety of statutory and judicial exemptions to the applicability of N.C. Gen. Stat. § 75-1.1. The statutory exemptions include one for those in a "learned profession" (N.C. Gen. Stat. § 75-1.1(b)), one for media coverage (N.C. Gen. Stat. § 751.1(c)), one for properly organized agricultural cooperatives (N.C. Gen. Stat. §§ 54-129 *et. seq.*), one for cooperative development and production of oil and gas (N.C. Gen. Stat. § 113-393(c)), one for certain conduct of soft drink bottlers (15 U.S.C. § 3501), one for local government actions (15 U.S.C. §§ 34-36), and one for certain cooperative agreements among hospitals and other persons (N.C. Gen. Stat. § 131E-192.1, *et. seq.*). The judicially created exemptions include one for securities and commodities transactions, *HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 403 S.E.2d 483 (1991); *Skinner v. E. F. Hutton & Co.*, 314 N.C. 267, 337 S.E.2d 236 (1985); *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 248 S.E.2d 567 (1978), *rev. denied*, 296 N.C. 583, 254 S.E.2d 32 (1979), employment relationships, *HAJMM Co. v. House of Raeford Farms, Inc.*, *supra*, *Brandis v. Lightmotive Fatman, Inc.*, 115 N.C. App. 59, 443 S.E.2d 887, 891 (1994); *American Marble Corp. v. Crawford*, 84 N.C. App. 86, 351 S.E.2d 848, *disc. rev. denied*, 319 N.C. 464, 356 S.E.2d 1 (1987); *Buie v. Daniel Int'l Corp.*, 56 N.C. App. 445, 289 S.E.2d 118, *disc. rev. denied*, 305 N.C. 759, 292 S.E.2d 574 (1982), the private sale of residential homes, *Adams v. Moore*, 96 N.C. App. 359, 385 S.E.2d 799 (1989) *rev. denied*, 326 N.C. 46, 389 S.E.2d 83 (1990); *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988); *Rosenthal v. Perkins*, 42 N.C. App. 449, 257 S.E.2d 63 (1979); *cf.*, *Davis v. Sellers*, 115 N.C. App. 1, 443 S.E.2d 879 (1994) and certain charity fund raising activities, *Malone v. Topsail Area Jaycees, Inc.*, 113 N.C. App. 498, 439 S.E.2d 192 (1994). There are other judicial limitations on the scope of N.C. Gen. Stat. § 75-1.1 such as the doctrines of exclusive and primary jurisdiction, the "*Noerr-Pennington*" doctrine, the "state action" doctrine, and the doctrine of preemption.

DENIED    _____

30

**N.C.P.I. Civil 813.62 Trade Regulation – Commerce – Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts or Practices**

Was the defendant's conduct in commerce or did it affect commerce?[26]

You will answer this issue only if you have found in the plaintiff's favor on the preceding issue. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant's conduct was either "in commerce" or that it "affected commerce."[27]

---

[26] If sufficient facts are admitted or stipulated to permit the court to find that the defendant's conduct was "in commerce" or "affected commerce," the court may find as a matter of law that this issue is proven as a matter of law. *Hardy v. Toler*, 288 N.C. 303, 218 S.E.2d 342 (1975). *See Songwooyarn Trading Co., Ltd. v. Sox Eleven, Inc.*, 213 N.C. App. 49, 56 n.4, 714 S.E.2d 162, 167 n.4 (2011) (noting that, although whether an act is an unfair or deceptive trade practice is a question of law for the court, it was not inappropriate to submit to the jury the issue of whether a defendant's acts were "in or affecting commerce"); *see also Mapp v. Toyota World, Inc.*, 81 N.C. App. 421, 425, 344 S.E.2d 297, 300 (1986) ("The only such 'issue' answered by the jury was whether defendant's misrepresentations to plaintiff were conduct in commerce or affecting commerce, which was appropriate.").

[27] N.C. Gen. Stat. § 75-1.1(b) specifically excludes "professional services rendered by a member of a learned profession" from the definition of "commerce." The burden of establishing the applicability of this exclusion is upon the party seeking it. N.C. Gen. Stat. § 75-1.1(d). For the "learned profession" exclusion to apply, "a two-part inquiry must be conducted: '[f]irst, the person or entity performing the alleged act must be a member of a learned profession. Second, the conduct in question must be a rendering of professional services.'" *Wheeless v. Maria Parham Med. Ctr., Inc.*, ___ N.C. App. ___, 768 S.E.2d 119, 123 (2014) (quoting *Reid v. Ayers*, 138 N.C. App. 261, 266, 531 S.E.2d 231, 235 (2000)). Although the legislature has not defined what professions are "learned," *Reid*, 138 N.C. App. at 266, 531 S.E.2d at 235, the Supreme Court of North Carolina has recognized three learned professions: law, medicine and the clergy. *Patronelli v. Patronelli*, 360 N.C. 628, 630, 636 S.E.2d 559, 561 (2006). Furthermore, an opinion of the North Carolina Attorney General's Office that the exception applies to related professions "characterized by need of unusual learning, existence of confidential relations, [and] adherence to a standard of ethics higher than that of the marketplace," 47 N.C. Op. Att'y Gen. 118, 119-20, *citing Commonwealth v. Brown*, 302 Mass. 523, 527, 20 N.E.2d 478, 481 (1939), has been cited as authority in North Carolina appellate decisions. *See Reid*, 138 N.C. App. at 266, 531 S.E.2d at 235.

Depending on the relationship between the parties, applicability of N.C. Gen. Stat. § 75-1.1 may be precluded. Because it has been determined that the General Assembly did not intend the Unfair and Deceptive Trade Practices statute to apply to a business' internal operations, the Supreme Court of North Carolina has held that N.C. Gen. Stat. § 75-1.1 does not apply to the conduct of a partner within a partnership. *See White v. Thompson*, 364 N.C. 47, 47-51, 691 S.E.2d 676, 676-680 (2010). Likewise, a defendant's status as an employee will normally preclude application of the act in a suit brought by the defendant's employer, but an employee may be held liable where the activity in question is better characterized as a business activity outside of the employer-employee relationship. *Sara Lee Corp. v. Carter*, 351 N.C. 27, 34, 519

Conduct is "in commerce" when it involves a business activity.[28]

Conduct "affects commerce" whenever a business activity is adversely and substantially affected.[29]

A "business activity" is the way a business conducts its regular, day-to-day activities or affairs (such as the purchase or sale of goods), or whatever other activities the business regularly engages in and for which it is organized.[30]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant's conduct was "in commerce" or that it "affected commerce," then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find then it would be your duty to answer this issue "No" in favor of the defendant.

GIVEN     _____

DENIED    _____

_____

S.E.2d 308, 312 (1999). An independent contractor may be held liable as well. *Weaver Inv. Co. v. Pressly Dev. Assocs.,* ___ N.C. App. ___, ___, 760 S.E.2d 755, 762 (2014).

In addition, the courts have held that certain types of conduct are not business activities "in commerce" or do not "affect commerce" for Chapter 75 purposes. These include the private sale of residential homes, *Adams v. Moore*, 96 N.C. App. 359, 385 S.E.2d 799 (1989) *rev. denied*, 326 N.C. 46, 389 S.E.2d 83 (1990); *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988); *Rosenthal v. Perkins*, 42 N.C. App. 449, 257 S.E.2d 63 (1979); *c.f., Davis v. Sellers*, 115 N.C. App. 1, 443 S.E.2d 879 (1994), certain charity fund raising activities, *Malone v. Topsail Area Jaycees, Inc.*, 113 N.C. App. 498, 439 S.E.2d 192 (1994), and the issuance and redemption of securities for the purpose of raising capital, *HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 594, 403 S.E.2d 483, 493 (1991).

[28] N.C. Gen. Stat. § 75-1.1(b).

[29] *Hospital Bldg. Co. v. Trustees of the Rex Hosp.*, 425 U.S. 738, 743 (1976).

[30] *HAJMM Co.*, 328 N.C. at 594, 403 S.E.2d at 493; *Malone*, 113 N.C. App. at 502, 439 S.E.2d at 194.

**N.C.P.I. Civil 813.62 Trade Regulation – Commerce – Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts or Practices**

Did the Defendants conduct occur such frequency as to indicate a general business practice?

"General business practice" means that the conduct occurs with such frequency that it is ordinary and regular practice of the business and must be specifically demonstrated to occur in other claims.

You will answer this issue only if you have found in the Plaintiffs favor on the preceding issue. On this issue the burden of proof is on the Plaintiffs. This means that the Plaintiffs must prove, by the greater weight of the evidence, that the defendants' conduct occur such frequency as to indicate a general business practice.

Finally, as to this issue on which the Plaintiffs have the burden of proof, if you find by the greater weight of the evidence that the Defendants' conduct was a "general business practice," then it would be your duty to answer this issue "Yes" in favor of the Plaintiffs.

If, on the other hand, you fail to so find then it would be your duty to answer this issue "No" in favor of the Defendants.

GIVEN     _____

DENIED    _____

# N.C.P.I. Civil 813.70 Unfair and Deceptive Trade Practices Charge *(N.C. Gen. Stat. Ch. 75)*[31]

> *NOTE WELL: A claim for an unfair or deceptive trade practice stemming from an alleged misrepresentation requires a plaintiff to demonstrate reliance on the misrepresentation in order to show the necessary proximate cause.*[32]

Was the defendant's conduct a proximate cause of the plaintiffs' injury?

You will answer this issue only if you have found in the plaintiff's favor on the issue of whether the Defendant Altisource committed an unfair or deceptive trade practice.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

First, that the plaintiffs have suffered an injury, and

Second, that the defendants' conduct was a proximate cause of the plaintiff's injury.

---

[31] N.C. Gen. Stat. § 75-16 does not use the term "proximate cause." However, North Carolina's courts have consistently held in private actions under N.C. Gen. Stat. § 75-16 that "a plaintiff must have 'suffered actual injury as a proximate result of' [defendant's conduct]." *Ellis v. Northern Star Co.*, 326 N.C. 219, 225, 388 S.E.2d 127, 131 (1990), quoting *Pearce v. Am. Defender Life Ins. Co.*, 316 N.C. 461, 471, 343 S.E.2d 174, 180 (1986). *See also Olivetti Corp. v. Ames Bus. Sys.*, 319 N.C. 534, 545, 356 S.E.2d 578, 585 (1987); *Process Components, Inc. v. Baltimore Aircoil Co., Inc.*, 89 N.C. App. 649, 651, 366 S.E.2d 907, 910, *aff.*, 323 N.C. 620, 374 S.E.2d 116 (1988); *Ellis v. Smith-Broadhurst, Inc.*, 48 N.C. App. 180, 184, 268 S.E.2d 271, 273-74 (1980).

    While the North Carolina courts have been guided by decisions under federal law (Sherman Act, Clayton Act, FTC Act) in interpreting and applying N.C. Gen. Stat. § 75-1.1, the federal notions of "antitrust injury" and "antitrust causation" have not been adopted by the North Carolina courts in applying N.C. Gen. Stat. § 75-16. The cases referenced above require only (1) actual injury (2) proximately caused by the conduct of the defendant. Thus, N.C.P.I.-Civil 813.70 has been substantially rewritten to reflect the state courts' adherence to the conventional common law meaning of proximate cause in private actions under N.C. Gen. Stat. § 75-16.

[32] *Bumpers v. Community Bank of N. Va.*, __ N.C. __, __, 747 S.E.2d 220, 226 (2013).

Proximate cause is a cause which in a natural and continuous sequence produces the injury, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.[33]

There may be more than one proximate cause of an injury. Therefore, the plaintiffs need not prove that the defendants' conduct was the sole proximate cause of the plaintiff's injury. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's conduct was a proximate cause.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the plaintiffs have suffered an injury, and that the defendants' conduct proximately caused the plaintiffs' injury, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.


GIVEN      _____

DENIED    _____

---

[33] *Goodman v. Wenco Foods, Inc.*, 333 N.C. 1, 18, 423 S.E.2d 444, 452 (1992); *Murphy v. Georgia Pacific Corp.*, 331 N.C. 702, 706, 417 S.E.2d 460, 463 (1992).

## N.C.P.I. Civil 813.80

What amount, if any, are the Plaintiffs entitled to recover of the Defendants?

If you find that the Defendants committed one of the previously enumerated above acts, the Plaintiffs are entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage caused by the wrongful conduct of the Defendants.

The Plaintiffs may also be entitled to recover actual damages. On this issue the burden of proof is on the Plaintiffs. This means that the Plaintiffs must prove, by the greater weight of the evidence, the amount of actual damages sustained, if any, as a result of her injury.

The Plaintiffs damages are to be reasonably determined from the evidence presented in the case. The Plaintiffs is not required to prove with mathematical certainty the extent of her injury in order to recover damages. Thus, the Plaintiffs should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. An award of damages must be based on evidence which shows the amount of the Plaintiffs damages with reasonable certainty. However, you may not award any damages based upon mere speculation or conjecture.

Finally, as to this issue on which the Plaintiff has the burden of proof, if you find, by the greater weight of the evidence, the amount of actual damages sustained by the Plaintiffs by reason of her injury, then it would be your duty to write that amount in the blank space provided. If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

GIVEN    _____

DENIED   _____

# N.C.P.I.—Civil 810.96 PUNITIVE DAMAGES—LIABILITY OF DEFENDANT.

The (state number) issue reads: "Is the defendant liable to the plaintiff for punitive damages?"

On this issue the burden of proof is on the plaintiff to prove three things. The plaintiff must prove the first thing by clear and convincing evidence.[34] Clear and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear and convincing fashion. You shall interpret and apply the words "clear" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Thus, the first thing the plaintiff must prove, by clear and convincing evidence, is the existence of willful or wanton conduct.[35] Willful or wanton conduct means the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage or other harm. Willful or wanton conduct means more than gross negligence.[36]

The plaintiff must prove the second and third things by the greater weight of the evidence. The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering all of the evidence, that the necessary facts are more likely than not to exist. These second and third things are:

Second, that the willful or wanton conduct was related to the injury to the plaintiff for which you have already awarded relief.[37] And Third, that the the defendant's officers, directors or managers participated in or condoned the willful or wanton conduct.[38]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the standards herein explained that the defendant is liable to the plaintiff for punitive damages, then it would be your duty to answer this issue "Yes" in favor of the plaintiff. If, on the other hand, you fail to so find, then it would be your duty to answer "No" in favor of the defendant.

---

[34] N.C. Gen. Stat. § 1D-15(b). Note that the statute omits any reference to "strong."
[35] N.C. Gen. Stat. § 1D-15(a).
[36] N.C. Gen. Stat. § 1D-5(7).
[37] N.C. Gen. Stat. § 1D-15(a). Note, however, that Mehovic v. Mehovic, 133 N.C. App. 131, 136, 514 S.E.2d 730, 734 (1999) holds that punitive damages are appropriate where the plaintiff elects rescission rather than compensatory damages.
[38] Punitive damages may not be awarded against a person solely on the basis of vicarious liability for the acts or omissions of another. N.C. Gen. Stat. § 1D-15(c).

GIVEN      _____

DENIED    _____

The (state number) issue reads: "What amount of punitive damages, if any, does the jury in its discretion award to the plaintiffs?"

You are to answer this issue only if you have answered the first issue "Yes" in favor of the plaintiffs.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiffs for their damages, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship[39] to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiffs and to deter the defendant and others from committing similar wrongful acts.[40] In making this determination, you may consider only that evidence which relates to:

> -the reprehensibility of the defendant's motives and conduct[41]

---

[39] To meet due process requirements, jury discretion must be exercised "within reasonable constraints." *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 20, 113 L.E.2d 1, 46 (1991). The enactment of N.C. Gen. Stat. § 1D does not obviate the need for this constitutionally mandated standard. Pre-enactment cases also embraced this standard. *See Swinton v. Savoy Realty Co.*, 236 N.C. 723, 725, 73 S.E.2d 785, 787 (1953), *overruled on other grounds, Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 229 S.E.2d 297 (1976) (stating that "it has been uniformly held with us that punitive damages may be awarded in the sound discretion of the jury *and within reasonable limits*" (emphasis added)) and *Baker v. Winslow*, 184 N.C. 1, 5, 113 S.E. 570, 572 (1922).

[40] N.C. Gen. Stat. § 1D-35(1) (1996).

[41] *NOTE WELL*: In *Phillip Morris USA v. Williams*, 549 U.S. 346, 166 L.Ed.2d 940 (2007), the United States Supreme Court observed that "[e]vidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible." *Id.* at 355, 166 L.Ed.2d at 949. The Court also "recognize[d] that conduct that risks harm to many is likely more reprehensible than conduct that risks harm to only a few. And a jury consequently may take this fact into account in determining reprehensibility." *Id.* at 357, 166 L.Ed.2d at 951. Notwithstanding, the Court held that "the Constitution's Due Process Clause forbids a [jury] to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation." *Id.* at 353, 166 L.Ed.2d at 948. The Court concluded by recognizing a practical problem. That is, "[h]ow can we know whether a jury, in taking account of harm caused others under the rubric of reprehensibility, also seeks to *punish* the defendant for having caused injury to others?" *Id.* at 357, 166 L.Ed.2d at 951 (emphasis in original). Without proffering a specific solution, the Court

- the degree of the defendant's awareness of the probable consequences of its conduct;

-the actual damages suffered by the plaintiffs;

-the defendant's ability to pay punitive damages, as evidenced by its revenues or net worth.[42]

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

GIVEN     _____

DENIED     _____

---

directed that where the "risk of any such confusion occurring . . . is a significant one—because, for instance, of the sort of evidence that was introduced at trial or the kinds of argument the plaintiff made to the jury—a court, upon request, must protect against that risk. Although the States have some flexibility to determine what *kinds* of procedures they will implement, federal constitutional law obligates them to provide *some* form of protection in appropriate cases." *Id.* (emphasis in original). The Pattern Jury Instruction Civil Subcommittee, after careful deliberation, has interpreted the foregoing to require, "upon request" and "in appropriate cases," that a limiting instruction, such as the following, be given: "Evidence which may tend to show that the defendant's conduct caused harm or created the risk of harm to the general public or to persons who are not a party to this lawsuit, if you find that the evidence does so show, may be considered by you only in your determination of the reprehensibility of the defendant's motives and conduct, and not for any other purpose. You may not award the plaintiff punitive damages in this case to punish the defendant for harm it may have caused to others that are not parties to this lawsuit."
[42] N.C. Gen. Stat. § 1D-35(2).

Respectfully submitted, this the 17th day of January, 2017.

s/Michael C. Griffin
Mark Wierman [N.C. Bar No. 37143]
Michael C. Griffin [N.C. Bar No. 31947]
Bradley Arant Boult Cummings LLP
Hearst Tower
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Telephone: (704) 338-6000
Facsimile: (704) 338-6091
mwierman@babc.com
mgriffin@babc.com

*Attorneys for Defendants Ocwen Loan
Servicing, LLC, Altisource Solutions, Inc. and
Wells Fargo Bank N.A. As Trustee For Option
One Mortgage Loan Trust 2007-4, Asset-
Backed Certificates, Series 2007-4*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing filed the foregoing was filed with the Clerk of Court using the CM/ECF system for the Middle District of North Carolina, which sent electronic notice of the filing to all counsel of record, including:


James White
PARRY | TYNDALL | WHITE
100 Europa Drive, Suite 401
Chapel Hill, NC 27517

*Attorneys for Plaintiffs Lisa Rehkopf, Lance Rehkopf, and Eric Slater*

Stephanie Gaston Poley
Joseph S. Johnston
Cranfill Sumner & Hartzog LLP
PO Box 27808 Raleigh, NC 27808
spoley@cshlaw.com
jjohnston@cshlaw.com

*Attorneys for Field Connections LLC*

Kenneth B. Rotenstreich
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898
Greensboro, NC 27402-1898
kbr@trslaw.com

*Co-Counsel for Ocwen Loan Servicing, Altisource Solutions, Inc.
and Wells Fargo Bank N.A*


s/Michael C. Griffin
Michael C. Griffin